Mr. Justice Wylie
delivered the opinion of the court:
The intestate died in the District on the 9th of February, 1876, at the age of about thirty months.
Her father and mother had died at Memphis, Tennessee, which was the place of their domicil in 1873, intestate, leaving this child sole heir and next of kin to each of them. The child was thus left among strangers, and in a helpless condition.
On hearing of the death of its parents, Mr. William P. White, an uncle of the child on the side of its mother, and a citizeu of the State of New Jersey, but a resident of this District, hastened to Memphis, and thence returned, bringing her with him to his home, and soon afterwards was appointed guardian by decree of court in this District.
So soon as these facts became known to Davis Afflick, who was and still is a citizen of Pennsylvania, and the paternal grandfather of the child, he came to this city and made ap *96 plication to the court to have the appointment of Mr. White revoked on the ground that the paternal grandfather was nearer of kin to the infant than the maternal uncle, and because the court here had no jurisdiction to appoint a guardian under the circumstances; but this application was refused by the court, and Mr. White continued to act as guardian till the death of the child as above stated.
On the death of its parents, this child inherited from them a considerable amount of property, both real and personal, all having its situs in Tennessee. Of this property Mr. White, under color of his authority as guardian, succeeded in collecting about $9,000.in money, which is now in his hands, and there yet remains a considerable amount of lands and movable assets in that State, now the property of the heirs or next of kin of this deceased child.
The grandfather, Davis Afflick, has already procured letters of administration as to the personal estate in Tennessee, and is now applying here for similar authority, with a view of collecting from Mr. White the money which the latter obtained in Tennessee under color of his authority as guardian of the child in its life-time, appointed by the court here.
Mr. White is also applying for the same appointment, and the first question to be decided is, which of them, under our laws, has the better right — Mr. White, who was the maternal uncle, or Mr. Afflick, who was the paternal grandfather, of the deceased infant.
Under our testamentary act the appointment must be given to him who is next of kin, and who that is must be determined according to the rule of the civil, and not according to that of the common law. According to this rule the grandfather is in the second degree and the uncle in the third degree of kinship to the intestate; and yet according to this very act the grandfather must be postponed to the uncle in the distribution of the estate.. He is to be preferred as administrator, but cannot share in the distribution. There may be a good reason for this separation between duty and privilege; but the case is different under the English statute of *97 Charles II, and, I believe, in the laws of the States of this country.
There is a difference, also, as to the rules that control the descent of real from those which control the distribution of personal estate; but as to that, it is not now necessary to speak.
Thus far I have regarded the question under consideration as it might be affected by the laws in force in this District. But the case also presents the question as to the effect which the laws of Tennessee may have in the matter of the distribution of the personal estate lately the property of this intestate child.
If, at the time of its death, the domicil of the child was in Tennessee, this property should be distributed according to the laws of Tennessee, and by these laws the grandfather .would be entitled to a share in the distribution. If, on the other hand, the domicil of the infant at the time of her decease was in this District, he would be excluded from such participation, although preferred as administrator; and this is a question of importance, and must be met, if not now, yet upon the settlement of the administration account.
It is certain that the domicil of the deceased parent continues to be that of the surviving child who was an infant at the time and at the home of the parent; nor can such infant afterwards change its own domicil, for want of legal capacity to effect such change. The domicil of the deceased parent continues to be the domicil of the infant, so that in case of the latter’s death the distribution of his estate will be according to the laws of the parent’s domicil, notwithstanding the child, at the time of his death, may have had his residence in another country, and have abandoned his father’s domicil with full purpose never to return.
In the present case, therefore, the money which the administrator of the estate may collect in this District must be distributed according to the laws of Tennessee, and not according to our laws, unless the court should hold that the removal, of the child into this jurisdiction by Mr. White and his sub *98 sequent appointment as guardian were sufficient to effect a change of domicil for the infant.
I am of opinion that the ward’s domicil may be changed by his guardian, as it could have been by the parent. But in this case the change of domicil was not made by the guardian of the infant, but by Mr. White, who was not her guardian at that time; and it may well be doubted whether, under our law, there was jurisdiction for his appointment as guardian. The act of Congress confers jurisdiction upon the court to appoint a guardian in two cases: first, when the infant is the owner of property lying within this District; second, when both the person of the infant and its residence are within the District. In this law it seems to me that the term “residence” is used in the sense of domicil. If that be so, the residence which was necessary to authorize the appointment of Mr. White as guardian did not exist at the date of his appointment, for the residence of the child was still that of its parents at the time of their decease — not changed by the child, for want of capacity — not changed by White, for he was not its guardian.